**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000338
13-FEB-2020
07:47 AM**

NO. CAAP-19-0000338

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
YIHONG ZHANG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-18-03258)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Suppression Order**), entered on March 13, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Over the State's objection, the District Court consolidated a hearing on Defendant-Appellee Yihong Zhang's (**Zhang**) November 16, 2018 Motion to Suppress Statements (**Motion to Suppress**) with his bench trial. At the March 13, 2019 hearing, the court did not expressly rule on the Motion to Suppress, but, instead, found Zhang not guilty of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2017).[2] The Supression Order, however, also reflects that the

---

[1]    The Honorable William M. Domingo presided.

[2]    HRS § 291E-61(a)(1) provides:

> **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person
> (continued...)

court granted the Motion to Suppress.[3]

On appeal, the State contends that the District Court erred in: (1) consolidating the hearing on the Motion to Suppress with trial; and (2) failing to make an explicit ruling on the motion and to clarify specifically what was suppressed. The State seeks remand to the District Court for an explicit ruling and for clarification of what was suppressed, so that the State can determine whether there is sufficient evidence to proceed to trial.

Zhang concedes that the District Court erred by consolidating the hearing with trial but contends that the District Court's ruling was adequate for appellate review and that double jeopardy bars retrial in this case.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's points of error as follows:

(1) In State v. Chang, 144 Hawai'i 535, 556, 445 P.3d 116, 137 (2019), the Hawai'i Supreme Court overruled prior precedent by holding that "trial courts may not consolidate a motion to suppress hearing with a trial." The court gave this new rule prospective effect, stating: "This requirement will be effective in trials beginning after the filing date of this opinion[,]" i.e., June 28, 2019. Id. Because Zhang's purported trial occurred on March 13, 2019, the rule announced in Chang does not apply. Even prior to Chang, however, a trial court could only "hear a motion to suppress contemporaneously with a trial if both the State and the defendant agree to the procedure[.]" Id. at 553, 445 P.3d at 134 (referring to conclusions in State v. Texeira, 62 Haw. 44, 609 P.2d 131 (1980),

---

[2] (...continued)
operates or assumes actual physical custody of a vehicle:

> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3] As explained infra, we view the Supression Order as a pretrial order granting the Motion to Suppress, rather than as a judgment of acquittal. The State's appeal is therefore proper pursuant to HRS § 641-13(7) (2016).

and <u>State v. Doyle</u>, 64 Haw. 229, 638 P.2d 332 (1981)).

Here, the parties did not agree to hold a consolidated suppression hearing with trial, and the District Court confirmed at the beginning of the March 13, 2019 hearing that "it will just be motions." After testimony and argument on the Motion to Suppress concluded, the following discussion occurred:

> THE COURT: Okay. All right.
>
> [(Addressing defense counsel)], you didn't put it in your motion. At this point you want to consolidate the motion for trial? Right now I'll consider what you have -- what we've seen at this point.
>
> [DEFENSE COUNSEL]: Consolidate for trial? Yes, Your Honor, we would like to do so.
>
> THE COURT: All right. Any further argument?
>
> [DEPUTY PROSECUTING ATTORNEY (DPA)]: Well, I would note that we have not arraigned --
>
> THE COURT: You waive arraignment?
>
> [DEFENSE COUNSEL]: We'll waive arraignment as well.
>
> THE COURT: Okay.
>
> [DPA]: The State does not waive arraignment.
>
> THE COURT: Well, arraign him then.
>
> [DPA]: I don't know if that's proper. The State would also object at this point to consolidating the motion with the trial.
>
> THE COURT: Okay. It's not your call at this point; right?
>
> Anything else?
>
> [DPA]: Fine. Nothing from the State, Your Honor.
>
> THE COURT: Okay.
>
> [DEFENSE COUNSEL]: Well, incorporating -- you know, Your Honor, if this court is willing to incorporate the motion into trial, this court is willing to suppress the standard field sobriety test and everything beyond, you know, there is simply not proof beyond a reasonable doubt that Mr. Zhang was operating his vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or guard against casualty.
>
> Um, you know, the driving observed was not that bad, and, you know, there is indicia but, um, you know, there is no -- no real nexus to a lot of these observations and impairment. So simply put, Your Honor, there's insufficient evidence to prove the case beyond a reasonable doubt.
>
> THE COURT: Okay. Any rebuttal?

[DPA]: Your Honor, with all due respect to the court, um, the State has proceeded on these motions based on the fact that there was not a consolidation. Now that there -- defendant did not want to consolidate the motions with trial and the State has elicited questions from the officer based on that fact.

The State does have a right to now refuse consolidation because we have gone through these motions based on that theory. So we would ask the court to only rule on the motions. That is the only thing that the State elicited testimony on.

THE COURT: Well, there are times when we do a motion and at the point when the motion is done that the defense would want to consolidate. So I think it's a proper situation.

[DPA]: But the State --

THE COURT: Anything you want to say?

[DPA]: -- would also have to agree.

THE COURT: I don't believe so. Okay. Anything else?

[DPA]: No, Your Honor.

THE COURT: All right. So I do find that there was a reason for the stop. There was a reason for further investigation as to the OVUII because of certain indicia. However, based on even the testimony of Officer Saul regarding the field sobriety test and in hindsight feeling that he should have gotten an interpreter, therefore the weight given to the field sobriety test is -- is lessened at this point.

So court finds that State has failed to prove beyond a reasonable doubt that Mr. Zhang was under the influence of alcohol to a point where his normal mental faculties was impaired or he was unable to care for himself and guard against casualty. So I'll find him not guilty.

From this exchange, it is evident that the State did not agree to the District Court's purported consolidation. Absent such agreement, even prior to <u>Chang</u>, it was error for the District Court to consolidate the Motion to Suppress with trial.

(2) Rule 12(e) of the Hawaiʻi Rules of Penal Procedure (**HRPP**) states:

**(e) Ruling on motion.** A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue or until after verdict; provided that a motion to suppress made before trial shall be determined before trial. <u>Where factual issues are involved in determining a motion, the court shall state its essential findings on the record</u>.

(Emphasis added.)

At the outset, the parties dispute whether the District Court ruled on the Motion to Suppress. The State contends that

the court "fail[ed] to make an explicit ruling." Zhang argues, on the other hand, that the court "effectively denied the motion to suppress," by indicating at the March 13, 2019 hearing that it considered evidence of the field sobriety test, but gave the evidence "lessened weight," in finding Zhang not guilty.

We conclude that the District Court did not explicitly rule on the Motion to Suppress during the March 2013 hearing, and it is not clear from the hearing transcript whether the court suppressed the statements that were the subject of the motion. However, the Supression Order expressly states: "Mot[ion] to Suppress - granted." The written order controls over the oral statements the District Court made at the March 13, 2019 hearing. See Kono v. Abercrombie, No. CAAP-11-0000755, 2013 WL 1758960, at * 4 (Haw. App. April 24, 2013) (Mem. Op.) (citing numerous cases). It is therefore at least clear that the Motion to Suppress was granted.

The question still remains whether in granting the Motion to Suppress, the District Court stated its essential findings on the record, in compliance with HRPP Rule 12(e). The Supression Order is lacking in that regard, so we look to the oral statements made by the court at the March 13, 2019 hearing. At that time, the District Court stated that "there was a reason for the stop" of Zhang and "[t]here was a reason for further investigation as to the OVUII because of certain indicia." Thus, it appears the District Court found there was reasonable suspicion to stop Zhang and nothing was suppressed based upon that stop and further investigation. The District Court then cited the arresting officer's testimony regarding the field sobriety test and "hindsight feeling that he should have gotten an interpreter," but indicated that such testimony went to the weight of the evidence. The District Court then purported to find Zhang not guilty because the "State ha[d] failed to prove beyond a reasonable doubt that Mr. Zhang was under the influence of alcohol to a point where his normal mental faculties was impaired or he was unable to care for himself and guard against casualty."

Based on this record, it is not clear what statements or other evidence the District Court suppressed, and on what factual or legal basis. A trial court violates HRPP Rule 12(e) when it fails to state on the record the findings and conclusions made on a motion to suppress. State v. Rodgers, 70 Haw. 156, 156, 766 P.2d 675, 675-76 (1988). Here, the District Court erred in failing to state its essential findings on the record in compliance with HRPP Rule 12(e).

(3) The State contends that although the District Court "found" Zhang "not guilty," jeopardy did not attach because no witness was sworn in and no evidence was heard after the District Court purportedly consolidated the hearing on the Motion to Suppress with trial, over the State's objection. Zhang asserts that jeopardy attached when the arresting officer was sworn in during the hearing on the Motion to Suppress and began his testimony. Zhang argues there was a full trial on the merits, the State offered no additional evidence after the hearing, and the District Court found him not guilty.

"In examining double jeopardy claims, two inquiries must be made. The first involves a determination of when jeopardy attaches. The second involves an examination of the facts of the case to determine if a retrial is barred by the double jeopardy clause." State v. Miyazaki, 64 Haw. 611, 617, 645 P.2d 1340, 1345 (1982).

The Hawaiʻi Supreme Court has explained:

"Jeopardy describes the risk that is traditionally associated with criminal prosecution." Breed v. Jones, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975). In deciding "cases in which ... the Double Jeopardy Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.'" Serfass v. United States, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975) (citation omitted). The Supreme Court, for example, has concluded that "[i]n a nonjury trial, jeopardy attaches when the court begins to hear evidence." Id. (citations omitted). We have said "jeopardy does not attach unless there is a risk of a determination of guilt." State v. Rodrigues, 67 Hawaii 70, 79, 679 P.2d 615, 622, cert. denied, [469] U.S. [1078, 1078], 105 S.Ct. 580, 580, 83 L.Ed.2d 691 (1984).

State v. Ferreira, 68 Haw. 238, 241-42, 709 P.2d 607, 609-10 (1985) (original brackets omitted). Since Ferreira, the supreme

court has confirmed that "[o]rdinarily, in a nonjury trial, jeopardy attaches when the court begins to hear evidence." State v. Poohina, 97 Hawaiʻi 505, 510, 40 P.3d 907, 912 (2002) (citing Ferreira, 68 Haw. at 242, 709 P.2d at 610). See also State v. Brunson, 385 S.E.2d 542, 544 (N.C. App. 1989) ("the only way that a bench trial can begin in our judgment is by the State offering evidence against the defendant").

Here, jeopardy did not attach because the State did not offer any evidence, and the District Court did not begin to hear any evidence, in a trial on the merits. The arresting officer was sworn in to testify for a hearing on the Motion to Suppress, not a trial. Zhang's argument that the officer was sworn in for trial rests on the District Court's purported after-the-fact consolidation of the suppression hearing with trial. As the supreme court noted in Chang, "[t]he parties of course remain free to stipulate to the incorporation of testimony and evidence introduced at the suppression hearing into the subsequent trial should they wish to do so." 144 Hawaiʻi at 556 n.21, 445 P.2d at 137 n.21 (emphasis added). Here, however, the State objected to the consolidation of the suppression hearing with trial and did not stipulate to the incorporation of any evidence elicited at the hearing into any subsequent trial. Simply put, there was no actual trial on the merits, and the District Court therefore did not begin to hear evidence for the purpose of determining Zhang's guilt or innocence. See Commonwealth v. Gonzalez, 771 N.E.2d 134, 140 (Mass. 2002) (jeopardy did not attach when defendant was not placed at risk of conviction where judge's actions ensured there was no trial on the facts and merits and precluded state's appeal from suppression order).

Zhang asserts that double jeopardy protections bar a second prosecution for the same offense after acquittal. This, of course, is true, but it begs the question of whether there was an "acquittal" here for double jeopardy purposes. See State v. Clemente, 128 Hawaiʻi 449, 452, 290 P.3d 519, 522 (2012) ("[i]n applying this [double jeopardy] protection, a critical question becomes what constitutes an 'acquittal'"); Gonzalez, 771 N.E.2d at 139 ("[n]ot every 'acquittal' constitutes an acquittal for

double jeopardy purposes"). "[W]hat constitutes an 'acquittal' is not to be controlled by the form of the judge's action." United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977). Rather, "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged.'" Poohina, 97 Hawai'i at 509, 40 P.3d 911 (brackets omitted) (quoting State v. Dow, 72 Haw. 56, 64, 806 P.2d 402, 406 (1991) (citing Martin Linen Supply, 430 U.S. at 571)). Thus, before according double jeopardy protection based on an "acquittal," we must look beyond the District Court's characterization of its actions to determine the legal substance of the proceeding.

Here, absent the State's consent to consolidate the suppression hearing with trial, the District Court conducted a pretrial suppression hearing, not a trial. Moreover, pursuant to HRPP Rule 12(e), the only matter that the court resolved was "a motion to suppress made before trial" that the court "determined before trial." (Emphasis added.) Again, absent the State's consent, there was no consolidated trial and, thus, no resolution of any of the factual elements of the offense charged. It cannot be that a trial court can simply declare a pretrial hearing to be a "trial," and then based on whatever evidence that is (or is not) adduced at the hearing, to proclaim a defendant "not guilty," and to have that "finding" constitute an "acquittal." See Gonzalez, 771 N.E.2d at 140 (concluding there was no acquittal for double jeopardy purposes where "the judge announced that the proceeding constituted a trial 'because I'm saying it is'"). In short, here, there was no "acquittal" for double jeopardy purposes.

For these reasons, we vacate that portion of the District Court's March 13, 2019 Notice of Entry of Judgment and/or Order and Plea/Judgment purporting to find Zhang "not guilty," and we remand this case to the District Court with instructions to state, pursuant to HRPP Rule 12(e), its essential findings in determining the November 16, 2018 Motion to Suppress,

and for further proceedings consistent with this Summary
Disposition Order.

DATED:   Honolulu, Hawaiʻi, February 13, 2020.


On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

Alen M. Kaneshiro
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge